Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

SETTLEMENT AGREEMENT AND RELEASE (this "Agreement") is made this *15th* day of December, 2017, by and between JEFF DAVIS, a resident of *Jackson* County, Georgia ("Claimant"); CMC IRONWORKS, INC., a Georgia corporation ("CMC"); and CHRISTOPHER M. CARVER, a resident of Banks County, Georgia ("Carver" and together with CMC the "Payors").

1.    Settlement Payment and Release.

IN CONSIDERATION of a total payment of Seven Thousand Five Hundred Dollars ($7,500.00) in hand paid by Payors to Claimant and Claimant's counsel as allocated below (the "Settlement Payment"), the receipt and sufficiency of which is hereby acknowledged, Claimant on behalf of himself and his heirs, legatees, personal representatives, executors, administrators, and assigns does hereby release, acquit, and forever discharge, jointly and severally, each of the Payors and their respective current and former officers, employees, agents, officers, insurers, and attorneys (collectively the "Releasees") from any and all actions, causes of action, suits, claims, demands, accounts, damages, liquidated damages, punitive damages, compensation, costs, attorneys' fees, and expenses of every kind, character, or nature which the Claimant may now have or hereafter have on account of or arising out of any matter or thing which has happened, developed, or occurred at any time from the beginning of the world to the Claimant's signing of this Agreement that arise by reason of or in any way connected with, or which are or may be based in whole or in part on, or do or may arise out of, or are or may be related to or with:   (a) any claims that were or could have been brought in the case of Jeff Davis v. CMC Ironworks, Inc. and Christopher Carver, Individually, United States District Court for the Northern District of Georgia, Civil Action File Number 17-cv-00015-RWS (the "Lawsuit"), (b) claims arising from Claimant's employment by CMC, including but not limited to claims for compensation, wages, salary, overtime, back pay, front pay, and paid time off, and (c) claims for damages to Claimant's person or property.

The Claimant does hereby declare and represent that the damages, exposure, and potential loss, if any, arising out of the matters released hereby may be permanent, progressive, and may not now be fully known and may be more numerous or more serious or of greater magnitude than the Claimant may expect. In making this Release, it is understood and agreed that the Claimant relies solely upon his own judgment and that the Claimant has not been influenced to any extent whatsoever in executing this Release by any representation of or statements made to the Claimant by either of the Payors, any of the Releasees, or anyone representing or acting in Payors' or Releasees' behalf.

This Release and the sum mentioned herein in full settlement are accepted by the Claimant in full satisfaction of all claims or demands whatsoever and all injuries or damages known or unknown. The Claimant further acknowledges that this settlement is the compromise of doubtful and disputed claims and that the payments made by Payors are not to be construed as

1

an admission of liability on the part of the parties hereby released by whom liability is expressly denied.

The Claimant hereby represents, warrants, and covenants as an inducement for the payment of funds referred to herein that the causes of action and claims referred to herein and released hereby have not been assigned, and no lien has been asserted against the claims released hereby or funds issued in settlement thereof. Releasees shall not be responsible for any claims asserted by the Claimant, any person claiming through the Claimant, or any assignee or subrogor of the Claimant whether under right of subrogation, direct assignment, loan receipt, or otherwise, and the Claimant hereby holds harmless and agrees to forever indemnify Releasees, jointly and severally, from and against any loss and liability, including attorneys' fees, from any such claims, actions, demands, and proceedings which may hereafter be asserted by the Claimant, by any other person claiming through the Claimant, or by any other person claiming under right of subrogation or assignment from the Claimant or based upon any lien attaching to the claims released hereby or funds issued in settlement thereof (including but not limited to any attorney's lien).

The parties acknowledge and agree that the Settlement Payment is allocated as follows: (a) $5,610.00 gross in settlement of Claimant's claims for unpaid wages and compensation, subject to applicable withholding which shall be deducted from the gross payment, the net proceeds of which shall be payable to Claimant, and (b) $1,890.00 payable to JF Beasley, LLC for Claimant's attorneys' fees and costs.

2.    Claimant's Acknowledgment of Payment of All Sums Due Him.

Claimant hereby acknowledges, agrees, represents, and warrants that he has resolved all wages and compensation due him, regular and overtime; that he is claiming no further compensation or benefits from any of the Releasees; and that he holds no benefits, accrued or otherwise, which are payable by or the responsibility of any of the Releasees.

3.    Dismissal of Lawsuit and Covenant Not to Sue.

Claimant shall cause the Lawsuit to be dismissed with prejudice within 10 days of the date upon which the Court approves, in its entirety, the parties Joint Motion to Approve FLSA Settlement and enters an order approving this Agreement.

Claimant further covenants that neither the Claimant, nor any person, organization, or other entity acting on the Claimant's behalf, will file or pursue any other lawsuit, or file of pursue any claim or complaint arising from the claims released hereby, whether against any of the Releasees, any affiliated entity of any of the Releasees, or any other person or entity.   Claimant shall indemnify and hold harmless the Releasees, jointly and severally, against any and all damages, costs, and expenses, including attorneys' fees, caused by lawsuit, claim, or complaint filed or pursued in violation of this Agreement.

2

In the event of any claim or investigation by an agency of the federal or state government against any of the Releasees covering any alleged act or omission occurring prior to the date of this Agreement and relating to the bases of any claims released hereby, the Claimant further agrees and covenants to pay to the Payors, upon receipt, any sums paid by or on behalf of any of the Releasees to or on behalf of the Claimant by any such agency as a result of such claim or investigation.

6.      Non-Disparagement.

The Claimant agrees that he will not make any comments to any person or persons, including both employees of CMC and persons who are not employees of CMC, whether verbally or in writing and including comments made on the Internet whether through social websites such as Facebook, Twitter, and LinkedIn, or otherwise, that disparage any of the Releasees or their respective operations. The Claimant acknowledges that such disparagement will constitute a material breach of this Agreement; however, the parties agree that nothing in this provision shall prevent the Claimant from discussing the claims made in the Civil Action or the terms of this Agreement.

7.      Neutral Reference.

If a potential employer of Claimant calls either of the Payors for a reference regarding Claimant, Payors will provide a neutral reference stating the dates of employment and positions held by Claimant.

8.      General Provisions.

The Claimant acknowledges and agrees that no promise or inducement has been offered or made except as set forth in this Agreement.

Claimant acknowledges and agrees that he has read this Agreement, that he understands the contents of this Agreement, that he executes this Agreement knowingly and voluntarily, and that his execution of this Agreement is not based upon any representations or statements of any kind by any person as to the merits, legal liabilities, or value of any claims the Claimant may have.

Claimant is advised to consult with an attorney prior to executing this Agreement. Claimant acknowledges that Claimant has had the opportunity to consult fully with legal counsel of his choice, and has consulted fully with legal counsel of his choice, prior to signing this Agreement.

This Agreement contains the entire agreement between the parties hereto.

Each of the covenants, releases, and agreements stated herein is separate, distinct, and severable, and the invalidity or unenforceability of any particular covenant, release, or agreement shall not affect the validity or enforceability of the other covenants, releases, and agreements.

This Agreement shall bind and inure to the benefit of the parties hereto and their

3

respective heirs, executors, personal representatives, successors, and assigns.

Whenever necessary in this Agreement and where the context admits, the singular term and the related pronoun shall include the plural, the plural term and the related pronoun shall include the singular, and any gender shall include the other genders.

The headings in this Agreement are for convenience only and shall not limit, abrogate, or affect the provisions of this Agreement

This Agreement shall be construed and enforced in accordance with the laws of the State of Georgia.

This Agreement may be executed in two or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

This Agreement and signatures hereon may be delivered by electronic means.   A copy or electronic image bearing the signature of a party shall have the same force and effect as an original signed document.   Any copy or electronic image of this Agreement reflecting the signatures of both parties shall have the same force and effect as an original.

*Counterpart Signature Pages Follow*

*Counterpart Signature Page*
*Settlement Agreement And General Release by and between Jeff Davis; CMC Ironworks, Inc.;*
*and Christopher M. Carver*
*December 15ᵗʰ 2017*


    IN WITNESS WHEREOF, the undersigned has caused this Agreement to be executed
the 15ᵗʰ day of December, 2017.


JEFF DAVIS

5

*Counterpart Signature Page*
*Settlement Agreement And General Release by and between Jeff Davis; CMC Ironworks, Inc.;*
*and Christopher M. Carver*
*December 15 , 2017*

     IN WITNESS WHEREOF, the undersigned have caused this Agreement to be executed
the 15 day of December, 2017.


_____
CHRISTOPHER M. CARVER

                  CMC IRONWORKS, INC.,
                   a Georgia corporation

By: _____
        Christopher M. Carver, CEO

6